UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ATAIN INSURANCE COMPANY, as subrogee of RIM Enterprises. | )<br>)<br>) Case No. 24-cv-00339<br>)<br>) Judge Sharon Johnson Coleman<br>)<br>)<br>)<br>)<br>)<br>) |
| Plaintiff, | |
| v. | |
| SWICK LOGISTICS, LLC, TEAM AIR EXPRESS, INC. D/B/A TEAM WORLDWIDE, | |
| Defendants. | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Atain Insurance Company, as subrogee of RIM Enterprises ("Atain") brings five-count claims against Swick Logistics, LLC ("Swick") and Team Air Express, Inc. d/b/a Team Worldwide ("Team Air"). Plaintiff alleges a Carmack Amendment and Breach of Bailment claim as to Swick, as well as a Carmack Amendment and Breach of Bailment claim (as a carrier and Freight-Forward) as to Team Air. Team Air now moves to dismiss all counts pursuant to Federal Rule of Civil Procedure 12(b)(3) and 12(b)(6). For the following reasons, the Court grants Team Air's motion [19].

**Background**

This action arises out of damage to a shipment of two aircraft engines. The engines were purchased by RIM Enterprises and were to be sold to Air Wisconsin. Atain insured the engines for RIM Enterprises. Team Air, a Texas Corporation with a principal place of business in Winnsboro, Texas, and an operational facility in Addison, Illinois, agreed to transport the engines from Chicago, Illinois to Milwaukee, Wisconsin. Team Air hired Swick, an Illinois Liability company with its principal place of business in Naperville, Illinois, to assist in the transportation.

Ultimately, the engines were reported damaged upon receipt by RIM Enterprises. A cargo surveyor determined that the engines were damaged due to Swick's failure to adequately block, brace, or secure the engines within Swick's trailer during the transit. For payment of the insurance claim, RIM Enterprises granted Atain subrogation rights.

In January of 2022, Team Air issued an Air bill to RIM Enterprise which, at the top, states "Carriage hereunder subject to the Team Worldwide Conditions of Contract available at teamww.com." Once a customer goes to the website, it has a "Legal" hyperlink under "Customer Links." If a viewer clicks on this link, they are led to a page with terms and conditions of use. There is a hyperlink labeled "Team Air Express Conditions of Contract" ("T&Cs"). The T&Cs contain the following forum selection provision:

> **21. Litigation**: You agree that any suit or arbitration will be filed in the court of jurisdiction of Wood County, Texas. Shipper and Consignee agree to reimburse Team® Air Express, Inc. for any costs incurred by us when we are not found liable. We reserve the option, in our sole discretion, to determine any legal liability under this paragraph by initiating binding arbitration under the "Commercial Rules of the American Arbitration Association."

Atain does not dispute that it is bound by the T&Cs. Team Air now moves to dismiss this case for improper venue or, in the alternative, failure to state a claim.

**Legal Standard**

Rule 12(b)(3) allows a party to move for dismissal of an action when it is not filed in the proper venue. Fed. R. Civ. P. 12(b)(3). The plaintiff bears the burden of establishing that venue is proper. *Int'l Travelers Cheque Co. v. BankAmerica Corp.*, 660 F.2d 215, 222 (7th Cir. 1981). When considering a Rule 12(b)(3) motion, the Court takes all the allegations in the complaint as true, unless contradicted by an affidavit. *Hanyuan Dong v. Garcia*, 553 F. Supp. 2d 962, 964 (N.D. Ill. 2008)(Bucklo, J.). The Court also resolves all factual disputes and draws all reasonable inferences in the plaintiff's favor. *Id.* When venue is improper, the Court "shall dismiss [the case], or if it be in

the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a)

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). When considering the motion, the Court accepts as true all well pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *Anchor Bank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). To survive dismissal, the complaint must not only provide the defendant with fair notice of a claim's basis but must also be facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L.Ed. 2d 868 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed. 2d 929 (2007).

**Discussion**

A forum selection clause is "prima facie valid and should be enforced unless enforcement the opposing party shows that enforcement would be unreasonable under the circumstances." *Jackson v. Payday Fin.*, LLC, 764 F.3d 765, 777 (7th Cir. 2014)(quoting *IFC Credit Corp. v. Rieker Shoe Corp.*, 378 Ill.App.3d 77, 317 Ill.Dec. 214, 881 N.E.2d 382, 389 (2007)). The Supreme Court has enumerated four situations when a forum selection clause will be unenforceable: (1) its formation was induced by fraud or overreaching; (2) the plaintiff would be deprived of its day in court because of inconvenience or unfairness; (3) the chosen law would deprive the plaintiff of a remedy; or (4) enforcement of the clause would contravene public policy. *See Bonny v. Soc'y of Lloyd's*, 3 F.3d 156, 160 (7th Cir. 1993). Atain asserts that the forum selection clause is unenforceable because litigation in Wood County is unreasonable, or in the alternative, the Carmack Amendment preempts the forum selection clause.

Although Atain fails to clearly identify which of the above situations it believes is at issue, prongs two and four appear to be the most obvious. Atain asserts that it would be inconvenient for

3

the parties to litigate this case in Wood County, as Team Air operates, and Swick is located, in this jurisdiction. Atain also explains that the cargo was damaged within this jurisdiction and physical evidence and witnesses are located here. However, Atain fails to cite to any caselaw which support its conclusion that such circumstances amount to unreasonableness or "would deny it of its day in court." Therefore, Atain has not shown that the clause in unenforceable.

Atain more substantively asserts the forum selection clause is preempted the Carmack Amendment, which it brings claims under. The Carmack Amendment provides the following:

> "(d) Civil actions.
>
> (1) Against delivering carrier. A civil action under this section *may* be brought against a delivering carrier in a district court of the United States or in a State court. Trial, if the action is brought in a district court of the United States is *in a judicial district*, and if in a State court, is in a State *through which the defendant carrier operates.*
>
> (2) Against carrier responsible for loss. A civil action under this section *may* be brought against the carrier alleged to have caused the loss or damage, *in the judicial district in which such loss or damage is alleged to have occurred.*"

49 U.S.C. § 14706. The parties dispute whether this special venue provision is permissive or restrictive.

Plaintiff relies on *Dabecca Nat. Foods, Inc. v. RD Trucking, LLC*, No. 14 C 6100, 2015 WL 2444505 (N.D. Ill. May 20, 2015)(Gottschall, J.) and asserts that the Carmack Amendment's special venue provision is restrictive, and therefore controls over the forum selection clause and mandates that the case be brought in this forum, as the damage to the engines occurred here and Team Air operates here. In *Dabecca Nat. Foods, Inc.,* the court held that because the Carmack Amendment contains a special venue provision, which "are typically attached to statutes, creating substantive rights and control claims brought under such statutes," the forum-selection clause was not

4

enforceable. *See id.* at *6 (quoting *Mandewah v. Wisconsin Dept. of Corr.*, No. 07 C 410, 2007 WL 4302790, at *1 (E.D. Wis. Dec. 06, 2007)).

Team Air, on the other hand, argues that the Carmack Amendment is permissive, and relies largely on the Central District of Illinois case of *Starr Indemnity & Liability Co. v. Luckey Logistics Inc.*, 2017 WL 2466505, (C.D. Ill. 2017). In *Starr Indemnity*, the court held that the special venue provision was permissive. *Id.* The court analyzed that the permissive language "may" contained in § 14706, versus the restrictive language of "only" in other sections of the Carmack Amendment, indicates Congress did not intend for the §14706 special venue provision be restrictive. *Id.* at *3–4.

The Court agrees with the reasoning of *Starr Indemnity*. This particular provision does not reflect that it was Congress's intent to insist that the civil action can *only* be brought where the special venue provision allots. Congress amended certain parts of the Carmack Amendment, particularly as it relates to interstate rail cars, to contain the language that the relevant civil suit "may only be brought" in a list of certain jurisdictions. *See* 49 U.S.C. § 11706(d)(2)(A). This reflects Congress's intent to limit venue for certain actions brought under the Carmack Amendment and not others. *See Barnhart v. Sigmon Coal Co.*, 534 U.S. 438, 452, 122 S. Ct. 941, 951, 151 L. Ed. 2d 908 (2002)(if "Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion.") (quoting *Russello v. United States*, 464 U.S. 16, 23, 104 S.Ct. 296, 78 L.Ed.2d 17 (1983)). The special venue provision in §14706 is permissive and transfer is proper. Because the Court is transferring the case, Team Air team may renew its 12(b)(6) motion with the transferee court. The Court need not address the parties' 12(b)(6) arguments here.

**Conclusion**

For these reasons, the Court grants Team Air's motion [19] and transfers the case to the United States District Court for the Eastern District of Texas, Tyler Division.

IT IS SO ORDERED.

Date: 9/17/2024

Entered: _____
SHARON JOHNSON COLEMAN
United States District Court Judge

6